UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAFAEL J. CRESPO,        : | |
|     Petitioner,    : | |
| : | |
| v.                        : | Civil No. 3:15cv640(SRU) |
| : | |
| WARDEN, STATE PRISON,  : | |
|     Respondent.   : | |

## **RULING ON PENDING MOTIONS**

Pending before the court are petitioner's motions for appointment of counsel and to compel. For the reasons set forth below, the petitioner's motions are denied.

**I.        Motion to Compel [Doc. No. 7]**

The petitioner asks the court to order the respondent to file a response to the order to show caused entered on June 8, 2015. On October 15, 2015, the court granted the respondent an extension of time until November 30, 2015. On December 3, 2015, the court granted the respondent an extension of time until December 14, 2015 to file a response to the petition. On December 11, 2015, counsel for the respondent filed a memorandum in response to the petition. Accordingly, the motion to compel a response to the petition is denied as moot.

**II.       Motion for Appointment of Counsel [Doc. No. 6]**

A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). A district judge, however, has

discretion to appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, if a district judge determines that a hearing is needed and justice requires it, he or she must appoint counsel to represent the petitioner. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

I have reviewed the petition, the memorandum in response to the petition and the reply to the memorandum in response to the petition. At this stage of the proceedings, justice does not require the appointment of counsel and I cannot conclude that a hearing is likely to be necessary.

## Conclusion

The Motion to Compel [**Doc. No. 7**] is **DENIED**. The Motion for Appointment of Counsel [**Doc. No. 6**] is **DENIED** without prejudice. The petitioner may file a new motion for appointment of counsel if an evidentiary hearing is held in this matter.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of May 2016.

    /s/ STEFAN R. UNDERHILL
    Stefan R. Underhill
    United States District Judge